# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAMBERT,<br><br>　　　　　　Plaintiff,<br>v.<br><br>L. ROBLES,<br><br>　　　　　　Defendant. | Civil No.07cv1769 JM (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO MODIFY DEFENDANT'S SUBPOENA [Doc. 13];**<br><br>**(2) DENYING MOTION TO QUASH OR MODIFY THE DEPOSITION SUBPOENA [Doc. 15]; and**<br><br>**(3) GRANTING DEFENDANT'S EX PARTE APPLICATION TO EXTEND THE DISCOVERY CUTOFF AND MOTIONS DEADLINES [Doc. No. 18].** |

Plaintiff is a California state prisoner proceeding pro se in a § 1983 civil rights action. He alleges that his Eighth Amendment rights were violated as a result of Defendant's inadequate medical care. Defendant issued a subpoena to High Desert State Prison for Plaintiff's medical records with a response date of December 1, 2008. High Desert State Prison timely complied with the subpoena. Defendant's counsel received Plaintiff's medical records on December 8, 2008. Since that date, however, Defendant's counsel has never examined the contents of the records, other than to confirm they were Plaintiff's records and to ascertain the date range.

On December 17, 2008, the Court accepted for filing Plaintiff's "Motion to Modify Defendants Subpoena Dated October 29, 2008" and filed it nunc pro tunc to December 1, 2008. On February 4, 2009, Plaintiff filed a second motion--nearly identical to the December 1 motion--entitled: "Motion to

Quash or Modify the Deposition Subpoena." In that second motion, Plaintiff repeated his request to modify Defendant's request for medical records. Specifically, Plaintiff seeks to limit Defendant's access to these medical records to "only those medical records that are relevant and necessary to the issues complained of by [P]laintiff."

The Court ordered Defendant to file an opposition, if any, to Plaintiff's motions no later than March 23, 2009. Defendant opposed, arguing that the requested documents are relevant to the claims or defenses at issue. Defendant also submitted a proposed protective order as exhibit B to the Opposition.[1] The Court gave Plaintiff until April 3, 2009 to file a reply, but he did not do so.

**Plaintiff's Allegations.**

Plaintiff complains of events that occurred on December 3, 2006 and December 4, 2006 while he was housed in Calipatria State Prison ("CSP"). On December 3, 2006 Plaintiff sought medical care from Defendant, a Medical Technical Assistant ("MTA"), at CSP. Compl. at 7. Plaintiff told Defendant he was in pain because of several unidentified head sores. *Id.* Defendant then told Plaintiff, "you'll be okay, it's not going to kill you" and denied Plaintiff medical treatment. *Id.* Defendant also told Plaintiff to have his building officer send him back if things get worse. *Id.* When Plaintiff asked to be sent back to Defendant for medical treatment, Defendant again denied Plaintiff proper medical care. *Id.* Defendant became frustrated with Plaintiff's continued requests for treatment, so submitted a false disciplinary charge against Plaintiff. *Id.* at 7-8. Defendant accused Plaintiff of threatening him. *Id.* Defendant's false accusation was made in retaliation to Plaintiff's repeated requests for medical care. *Id.* Plaintiff was placed in Administrative Segregation because of Defendant's false disciplinary charge. *Id.* at 8. While Plaintiff was in Administrative Segregation, MTA Caraballo and certain Correctional Officers noticed Plaintiff's medical condition. *Id.* Plaintiff was then taken to Central Health Clinic where he was examined by Registered Nurse Ramirez and certain doctors. *Id.* The doctors diagnosed Plaintiff with a staph infection. *Id.* Plaintiff's blood pressure was also extremely elevated. *Id.* Plaintiff attributed these medical problems to Defendant's failure to respond to Plaintiff's prior requests for medical treatment. *Id.* at 8-9. Plaintiff claims he has suffered permanent bald spots and discomfort because of Defendant's conduct. *Id.* at 11.

---

[1] The proposed protective order was not filed in the manner required under Civil Local Rule 7.2 or Civil Local Rule 5.4(f) (referencing CM/ECF Administrative Policies and Procedures Manual).

**Production of Medical Records.**

Privacy rights in medical records are neither fundamental nor absolute. *Whalen v. Roe,* 429 U.S. 589, 599-600 (1977); *Soto v. City of Concord,* 162 F.R.D. 603, 618-619 (N.D. Cal. 1995). When a plaintiff places his medical conditions at issue, his expectation of privacy regarding those conditions is diminished. *Urbina v. Carson*, 2007 U.S. Dist. LEXIS 74890, *39-*40 (E.D. Cal. 2007). When determining whether to order a production of records, a court must balance the requesting party's interest in reviewing the records against the patient's right to maintain the medical records as private. *Soto*, 162 F.R.D. at 619. Regarding mental health records, while California recognizes a physician-patient privilege, no such privilege applies in this case. Federal law regarding privilege applies here because this is a federal question case. Fed. R. Evid. 501; *see Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1492 (9th Cir. 1989). Under federal law, there is no physician-patient privilege, and the Ninth Circuit has not recognized one. *Soto*, 162 F.R.D. at 618.

Here, Plaintiff placed his medical conditions at issue by claiming that Defendant provided him with inadequate medical care. Defendant has a great interest in reviewing the medical records because they are highly relevant to the claims and defenses in this case. For example, they may show a record of Defendant's past treatment of Plaintiff, Plaintiff's medical status prior to December 3, 2006 and the seriousness of Plaintiff's condition. Determination of these issues may be relevant to the validity of Plaintiff's claims and request for damages. Further, discovery of Plaintiff's mental health records are relevant because Defendant learned, through a *Tarasoff* disclosure by a mental health provider, that Plaintiff threatened Defendant. Learning more about this alleged threat would speak to Plaintiff's claim that Defendant made false and retaliatory charges against Plaintiff.

While the Court finds that Plaintiff's medical records are relevant to the claims and defenses in this case, and that Defendant has a great interest in reviewing those records, confidentiality may still be maintained over Plaintiff's medical records. Defendant submitted a proposed protective order that would govern the dissemination of the medical records. The Court has reviewed the proposed protective order, and finds that with the additions below, it will allow Defendant appropriate access to the medical records while maintaining their confidentiality. Therefore, the Court **DENIES** Plaintiff's motion to modify and motion to quash, and **ORDERS** Defendant to resubmit the proposed protective order

electronically to the Court by **June 3, 2009**, with the following additions:

    Add Par. 7:    "If Defendant seeks to file any of Plaintiff's medical records in support of any pleadings, those records shall be filed under seal."

    Add Par. 8:    "Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel."

    Add Par. 9:    "The Court may modify the protective order in the interests of justice or for public policy reasons."

The Court will enter the protective order after Defendant lodges it. If Defendant needs to file any of Plaintiff's medical records in future pleadings, he shall first request an order that the documents be filed under seal.

**Ex Parte Application to Extend Discovery Cutoff**

On January 2, 2009, Defendant served Plaintiff with a set of interrogatories. On March 18, 2009 Defendant's counsel spoke to Plaintiff. Plaintiff said he intended to respond to the interrogatories, but needed more time because he was in administrative segregation and did not have access to his legal papers. During that same conversation Plaintiff said he would be amenable to asking the Court to extend the discovery and motions deadlines by a couple of months. Defendant's counsel served a second copy of the interrogatories and a proposed joint motion on Plaintiff on March 20, 2009, but Defendant has not yet received a signed copy of the joint motion or answers to the interrogatories.

Discovery closed on March 9, 2009. Defendant filed this motion on April 7, 2009, within 30 days after the close of discovery. Defendant asks that the Court extend the discovery deadline--including that for expert witness information--for 60 days, and requests an additional 30 days to file a motion to compel after that deadline. Defendant also asks that the Court extend the deadline for filing pretrial motions--which was set for April 10, 2009, to 60 days after the ruling on the motion to quash. If the Court denies Defendant's requests, Defendant asks that he be granted leave to file a motion to compel Plaintiff to respond to the interrogatories.

The Court finds good cause to extend the discovery cutoff and motions filing deadline and

**GRANTS** Defendant's ex parte application, and **ORDERS**:

1. The discovery deadline be continued to **July 27, 2009**;
2. The deadline to file discovery motions be continued to **August 26, 2009**;
3. The deadline to file pretrial motions be continued to **July 27, 2009**; and
4. Plaintiff shall respond to Defendant's interrogatories by **June 29, 2009**.

The remaining pretrial dates, including the pretrial conference set before Judge Miller on August 14, 2009, remain on calendar. Depending on how discovery goes, and depending on whether either party files a dispositive motion in this case, either party may move to continue the pretrial dates, if the need arises.

**IT IS SO ORDERED.**

DATED: May 28, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge